IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**BENWOOD-MCMECHEN HOUSING,**

    Plaintiff,

v.                                                                             Civil Action No. 5:18-CV-171
                                                                                 (BAILEY)

**GREAT AMERICAN INSURANCE COMPANY,**

    Defendant.

## ORDER GRANTING MOTION TO REMAND

On this day, the above-styled matter came before this Court upon consideration of the plaintiff's Motion to Remand [Doc. 6], filed November 6, 2018.  The Motion is now ripe for disposition.  For the reasons that follow, the Motion is **GRANTED**.

I.      Factual and Procedural History

This case was originally filed in the Circuit Court of Marshall County, West Virginia, on September 5, 2018 [Doc. 1].  On October 11, 2018, defendant Great American Insurance Company ("GAIC") removed this case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 [Doc. 1].  It does not appear that there is any dispute over diversity of citizenship; the plaintiff's position is that the amount in controversy has not been met.

This matter was originally brought against GAIC seeking a declaration of its duties and obligations to plaintiff Benwood-McMechen Housing Authority ("BMHA") and its

employee, Robert Allen Skvarka ("Skvarka"), under an insurance policy issued to BMHA by GAIC.  BMHA asserts GAIC is obligated to provide an unqualified defense and an unqualified agreement to indemnify BMHA relative to claims asserted against it and others in the underlying lawsuit filed by Celise R. Roxby [Doc. 1-1 at ¶¶ 26-41].  The Roxby Complaint alleges that there were misrepresentations and omissions made by BMHA and its employee regarding the purchase of property located at 445 Main Street, Benwood, West Virginia.  The Roxby Complaint alleges that a home inspector hired by BMHA failed to note significant structural, electrical, plumbing, and ventilation deficiencies in the home.  The Roxby Complaint further alleges that repairs and estimates for repairs needed to meet minimum federal quality standards approximate $35,000.00.  The Roxby Complaint has been amended and it additionally seeks compensatory damages, punitive damages, attorneys' fees, litigation expenses, interest, and court costs against the defendants, including BMHA.

GAIC allegedly acknowledged its duty to defend on April 25, 2018, yet did not provide a defense until July 12, 2018, when it began its participation in the defense being provided by another insurer under a reservation of rights [Id. at ¶¶ 7, 11-12, 15-18, 22-23].  Plaintiff asserts GAIC has continued to refuse to provide an unqualified agreement to indemnify BMHA and Svarka, instead reserving its rights to deny coverage at any time by invocation of policy provisions not reasonably related to the claims in the Roxby Complaint [Id. at ¶¶ 23, 25].  Plaintiff asserts that in connection with its request for declaratory relief, it seeks reimbursement of the attorneys' fees and costs it incurred in defending the Roxby Complaint, in addition to those incurred in obtaining the coverage to which it is entitled under the GAIC policy [Id. at ¶¶ 40-41].  BMHA has also asserted negligence claims

against GAIC arising from GAIC's failure to train the employee it assigned to handle BMHA's claim for coverage investigations, assigning an employee not reasonably trained or qualified to conduct the investigation into BMHA's claim for coverage and in initially denying the claim for coverage in its entirety, including refusing to provide a defense to the Roxby Complaint [Id. at ¶¶ 42-49]. BMHA also asserted claims for breach of the implied duty of good faith and fair dealing arising from GAIC's failure to affirm coverage existed for both a defense and indemnification [Id. at ¶¶ 52-57]. BMHA seeks reimbursement of attorneys' fees and costs incurred in defending the Roxby Complaint regarding the negligence and good faith and fair dealing claims and in obtaining coverage it alleges it is entitled to under the policy issued by GAIC [Id. at ¶¶ 50-51, 56-57].

II.     Applicable Law

Under 28 U.S.C. § 1441, a defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). In the instant case, the parties do not dispute that there is no federal question at issue or that the parties are citizens of different states. Rather, the issue hinges on the amount in controversy.

The burden of demonstrating jurisdiction resides with the party seeking removal. **Maryland Stadium Authority v. Ellerbe Becket Inc.**, 407 F.3d 255, 260 (4th Cir. 2005). Because removal jurisdiction raises significant federalism concerns, federal courts are

directed to construe removal statutes strictly.  **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100 (1941).

If federal jurisdiction is doubtful, a remand to state court is required.  **Maryland Stadium**, 407 F.3d at 260.  On the other hand, if this Court has jurisdiction, it is required to exercise it.  **Gum v. General Electric Co.**, 5 F.Supp.2d 412, 415 (S.D. W.Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'").

Defendants seeking removal bear the burden of demonstrating that jurisdiction is proper.  See **Strawn v. AT & T Mobility LLC**, 530 F.3d 293, 296-97 (4th Cir. 2008). "While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only *allege* federal jurisdiction with a short plain statement - just as federal jurisdiction is pleaded in a complaint - when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." **Strawn**, *supra* at 297, citing **Ellenburg v. Spartan Motors Chassis, Inc.**, 519 F.3d 192, 200 (4th Cir. 2008).

"The question then becomes how that burden is to be satisfied.  Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal.  See **Wiggins v. North Am. Equitable Life Assurance Co.,** 644 F.2d 1014, 1016 (4th Cir. 1981).  Determining the amount in controversy becomes more difficult, however, where, as here, plaintiffs have left damages unspecified in their complaint." **Bartnikowski**, *supra* at 734 (footnote omitted).

In West Virginia, it is not required that the Complaint's *ad damnum* clause state a specific dollar amount.  In such circumstances, the Court may consider the entire record

before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. ***Mullins v. Harry's Mobile Homes***, 861 F.Supp. 22, 23 (S.D. W.Va. 1994). In so doing, the Court is not required "to leave common sense behind." *Id*. at 24.

III. Discussion

To calculate the amount in controversy, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. ***Weddington v. Ford Motor Credit Co.***, 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999); *see also* ***Mullins v. Harry's Mobile Homes***, 861 F.Supp. 22, 24 (S.D. W.Va. 1994) (specifically stating that court may consider complaint, removal petition, and "other relevant matters in the file"). In conducting this analysis, the Court may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

***Watterson v. GMRI, Inc.***, 14 F.Supp.2d 844, 850 (S.D. W.Va. 1997) (internal citations omitted).

This Court has carefully reviewed the defendant's arguments in support of its

proposed calculation of the amount in controversy. To begin, the Roxby Complaint sets the starting point for damages at $35,000 for the repairs needed for the house. Further, assuming the plaintiff will prevail, **Hayseeds** damages will come into play. The fees and costs claimed are $6,050. This Court does not believe punitive damages will be awarded, so that will not be factored into its analysis. The parties have also disclosed settlement demands. Roxby has made a global settlement demand in the amount of $65,000 to resolve all claims against all defendants. GAIC has offered $17,000. This Court has given these figures the weight they deserve.

At this point in the litigation this Court is simply not convinced that the defendant has met its burden to support a finding that the jurisdictional amount is satisfied. This doubt requires a remand to the state court. See **Maryland Stadium Authority v. Ellerbe Becket Incorporated**, 407 F.3d 255, 260 (4th Cir. 2005). Therefore, considering the totality of the circumstances surrounding this case, the Court finds that GAIC has not met its burden of showing by a preponderance of the evidence that this case meets the amount in controversy requirement associated with diversity jurisdiction.

## Conclusion

Accordingly, upon consideration of the above, the plaintiff's Motion to Remand **[Doc. 6]** is **GRANTED**. Accordingly, the Court **REMANDS** this case to the Circuit Court of Marshall County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.

**DATED:** December 4, 2018.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE